O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SUSAN E. SLACK,                          )     CASE NO. CV 09-04819 RZ
                                         )
                    Plaintiff,           )
                                         )     MEMORANDUM OPINION
         vs.                             )     AND ORDER
                                         )
MICHAEL J. ASTRUE, Commissioner          )
of the Social Security,                  )
                                         )
                    Defendant.           )
                                         )

        Plaintiff Susan Slack argues that the Social Security Commissioner wrongly denied her application for disability benefits.  Finding no error, the Court affirms.

        Plaintiff first argues that the Commissioner wrongly disregarded the opinion of Dr. Harris, Plaintiff's treating physician.  The Court does not agree.  Although there are isolated references to Dr. Harris' having treated Plaintiff since 1999 [AR 336, 415 (reference is to 1998)], and to a report from Dr. Harris from 2001 [AR 227], there are no medical records from that time, including the 2001 Report, in the Administrative Record. Plaintiff says there are records from six months prior to the date last insured of December 31, 2002, but the references Plaintiff provides, AR 325-359 (Plaintiff's Memorandum in Support of Complaint at 6:24-26) do not contain any such records.  The Administrative Law Judge specifically noted the absence of contemporary records during the period before insurance coverage expired.  [AR 21]  While it is true that "reports

containing observations made after the period for disability are relevant to assess the claimant's disability," *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988), *citing Kemp v. Weinberger*, 522 F.2d 967, 969 (9th Cir. 1975), Plaintiff points to nothing in the post-DLI reports indicating that her impairment was disabling prior to the expiration of insurance.  Under the circumstances of this case, then, it was not error not to consider the opinion of Dr. Harris, for there was no opinion referencing the relevant time period.

Plaintiff also asserts that the Administrative Law Judge wrongly discounted her credibility.  Again, the Court disagrees.  While disk problems certainly can lead to pain, the medical evidence did not support the extent of the pain alleged, and this was a factor that the Administrative Law Judge was entitled to consider.  *Rollins v. Massanari,* 261 F. 3d 853, 857 (9th Cir. 2001).  Also, the Administrative Law Judge noted that, despite having injured her back prior to the birth of several of her children, Plaintiff worked between the births of the first three children [AR 20], demonstrating that the pain, at that time, did not prevent work.  The Administrative Law Judge also noted that the pain had been managed quite conservatively, another factor she was entitled to consider. *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995).   As for Plaintiff's mother's written statement, the Administrative Law Judge appropriately noted that it contained nothing about the period at issue in the application.  [AR 20]

Plaintiff makes a final argument that the Administrative Law Judge failed to consider all her impairments in combination, because the Administrative Law Judge did not consider her pain.  Pain is not a separate impairment, however; pain is the result of an impairment.  There was no error in this respect.

In accordance with the foregoing, the decision is affirmed.

DATED:  June 8, 2010

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE  JUDGE